UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC., D/B/A RASTA IMPOSTA, <br><br> Plaintiff, <br><br> vs. <br><br> KMART CORPORATION and SEARS HOLDINGS CORPORATION, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

1. Plaintiff Silvertop Associates, Inc., d/b/a Rasta Imposta ("Rasta Imposta") brings this complaint against defendants Kmart Corporation and Sears Holdings Corporation (collectively "Kmart") for copyright infringement, trade dress infringement, false advertising and unfair competition.

2. Rasta Imposta designs and manufacturers Halloween costumes. Every year between 2008 and 2017, Kmart purchased humorous Halloween costumes from Rasta Imposta for sale in Kmart's stores.

3. The costumes included Rasta Imposta's distinctive banana costume design ("Banana Design"). Rasta Imposta owns a copyright registration with the U.S. Copyright Office for its Banana Design, which has become increasingly popular and well-known since Rasta Imposta first introduced the product to the market in 2001.

4. In 2017, the parties had some difficulty reaching an agreement on the terms of the purchase order, and in late September, 2017, Kmart notified Rasta Imposta that it would not be purchasing Rasta Imposta's Halloween costumes this year.

6411192 v1

5. Rasta Imposta inquired as to whether Kmart would still be selling Rasta Imposta's banana costume in its stores and Kmart informed Rasta Imposta that it had found "another vendor" to fulfill "that item."

6. Shortly thereafter, Rasta Imposta discovered that Kmart had begun offering the infringing Totally Ghoul Banana Men's Halloween Costume ("Totally Ghoul Costume"), which is a direct replication and knockoff of Rasta Imposta's copyrighted Banana Design.

7. Third parties currently license the Banana Design from Rasta Imposta, but Kmart does not have any license to use the Banana Design.

8. Kmart is not free to simply appropriate Rasta Imposta's intellectual property for its own business advantage without Rasta Imposta's consent. Accordingly, Rasta Imposta files this lawsuit seeking damages and injunctive relief.

## PARTIES

6. Plaintiff Rasta Imposta is a New Jersey corporation with its principal place of business at 600 E. Clements Bridge Road, Runnemede, NJ 08078.

7. Defendant Kmart Corporation is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

8. Defendant Sears Holdings Corporation is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

9. Upon information and belief, defendant Kmart Corporation is a subsidiary of parent corporation defendant Sears Holdings Corporation.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over Rasta Imposta's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

11. This court has personal jurisdiction over defendant Kmart Corporation because Kmart Corporation is engaged in the systematic and continuous conduct of business in the State of New Jersey. Kmart Corporation's conduct in connection with the State of New Jersey required it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the State of New Jersey.

12. This court has personal jurisdiction over defendant Sears Holdings Corporation because Sears Holdings Corporation is engaged in the systematic and continuous conduct of business in the State of New Jersey. Sears Holdings Corporation's conduct in connection with the State of New Jersey required it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the State of New Jersey.

13. Venue in the District of New Jersey is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.    Rasta Imposta's Designs and Intellectual Property**

14. Rasta Imposta is a small, local business that designs, manufactures, and sells innovative and distinctive costumes for adults and children.

15. Rasta Imposta began over twenty years ago when its Chief Executive Officer, Robert Berman, created the Original Rasta Hat with sewn-in dreadlocks. The Original Rasta Hats were an instant success. This led to the creation of new designs and the company's expansion into the "Halloween Industry."

16. In 1998, Rasta Imposta introduced a collection of costumes to complement its existing line of hats. Rasta Imposta now manufactures thousands of costumes and accessories for kids and adults of all ages.

17. Crucial to Rasta Imposta's brand is that consumers recognize Rasta Imposta as a creator and manufacturer of unique costume designs that are made with high quality materials. Rasta Imposta strives to consistently create new and innovative looks that set it apart from other costume designers and manufacturers.

18. Rasta Imposta began offering the Banana Design to the public on or about March 9, 2001. The Banana Design is shown below:



19. When it debuted in 2001, the Banana Design was the only costume design with this distinctive overall appearance.

20. The appearance and trade dress of Rasta Imposta's distinctive Banana Design is identified by a combination of arbitrary and distinct visual elements which make up its overall appearance, design, and trade dress, including, but not limited to the Banana Design's bright

yellow color with dark tips at the ends, the lines running down the sides, the Banana Design's placement of the banana ends, and the cutout holes in the Banana Design.

21. Rasta Imposta advertises the Banana Design by using models who wear long black pants, a shirt with black sleeves, and black dress shoes.

22. Due to Rasta Imposta's manufacture and advertisement of the Banana Design between 2001 and the present, the Banana Design has become recognizable as a unique banana costume design throughout the United States.

23. Rasta Imposta filed an application to register the Banana Design on or about March 23, 2010.

24. Rasta Imposta owns Copyright Registration No. VA 1-707-439, which was issued March 26, 2010, for the Banana Design.

25. Since 2001, Rasta Imposta has licensed its Banana Design to other companies seeking to sell a similar product and it remains one of the company's most important costumes.

**B.      Kmart's Infringement of Rasta Imposta's Designs**

26. Whereas in prior years Kmart sold Rasta Imposta's banana costumes, Rasta Imposta recently learned that Kmart was ending its business relationship with Rasta Imposta on or about September 22, 2017.

27. Kmart had replaced the Rasta Imposta costume with its Totally Ghoul Costume, which directly copies the Banana Design. See the comparison below between Rasta Imposta's 7102 Banana Deluxe Costume ("Banana Deluxe Costume") and Kmart's Totally Ghoul Costume:

**RASTA IMPOSTA**            **KMART**



28.     Rasta Imposta's Banana Design was known to Kmart prior to Kmart's copying of the above costume, as Kmart previously purchased the costume from Rasta Imposta.

29.     Kmart created this "knock-off" for the 2017 Halloween season and appears to have begun selling it in or around August of 2017.

30.     The design is substantially and confusingly similar to Rasta Imposta's costume design.

31.     Kmart's copying of the Banana Design without regard to Rasta Imposta's intellectual property rights in the Banana Design constitutes unfair competition under the Lanham Act and the common law.

32.     Additionally, Kmart violated the Copyright Act when it copied Rasta Imposta's Banana Design with willful disregard of Rasta Imposta's intellectual property rights and copyright registrations.

33.     The Kmart Totally Ghoul Costume has the same shape as the Banana Design, the ends of the banana are placed similarly, the vertical lines running down the middle of the banana

are placed similarly, the one-piece costume is worn on the body the same way as the Banana Design, and the cut out holes are similar to the Banana Design.

34. Additionally, Kmart outfitted its costume model identically to the Rasta Imposta model, showing the product with black dress shoes, long black pants, and a long black shirt.

35. Rasta Imposta has suffered significant financial harm and irreparable harm to its reputation as a result of Kmart's conduct.

36. By severing its relationship with Rasta Imposta and using the Banana Design without Rasta Imposta's consent, Kmart has engaged in copyright infringement, unfair competition, trade dress infringement and false advertising.

### Count I – Copyright Infringement Under the Copyright Act as to Rasta Imposta's Banana Costume Design

37. Rasta Imposta repeats and incorporates all other paragraphs of the Complaint as if fully set forth herein.

38. The Banana Design that is the subject of Copyright Registration No. VA 1-707-439, issued March 26, 2010, is the intellectual property of Rasta Imposta.

39. Kmart has infringed upon Rasta Imposta's Banana Design.

40. The infringement of Rasta Imposta's copyrighted materials has been willful, intentional, and in total disregard of Rasta Imposta's copyright, in violation of 17 U.S.C. § 501 et seq.

41. Kmart did not have license, authorization or the consent of Rasta Imposta to use a substantially-similar banana design.

42. Kmart copied Rasta Imposta's Banana Design in creating the Kmart knock-off Totally Ghoul Costume.

43. The Totally Ghoul Costume currently being sold by Kmart is substantially similar to Rasta Imposta's Banana Design.

44. As a result of Kmart's infringement of Rasta Imposta's copyright and exclusive rights under copyright, Rasta Imposta is entitled pursuant to 17 U.S.C. § 504 to either disgorgement of profits and recovery of actual damages, or statutory damages.

45. Rasta Imposta is further entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

46. Kmart's conduct is resulting in irreparable damage to Rasta Imposta and Rasta Imposta has no adequate remedy at law.

47. Kmart's infringement of Rasta Imposta's copyrights has damaged, and is continuing to damage, Rasta Imposta in an amount to be determined at trial.

48. Accordingly, Rasta Imposta seeks an order under 17 U.S.C § 502 enjoining Kmart's copyright infringement.

49. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, either actual or statutory damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

### Count II – Trade Dress Infringement Under the Lanham Act as to Rasta Imposta's Banana Design

50. Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

51. The Banana Design is inherently distinctive and has acquired distinctiveness through secondary meaning.

52. The Banana Design is non-functional with a protectable overall appearance.

6411192 v1

53. Kmart's imitation of the Banana Design is likely to cause consumer confusion in consumer's minds as to the source of the product.

54. Consumers associate the Banana Design trade dress with Rasta Imposta, due to Rasta Imposta's continuous and widespread use of the design since 2001.

55. Consumers are likely to see Kmart's infringing design and associate that design with Rasta Imposta, or to see both parties' designs, which are substantially similar, and assume those designs are created and manufactured by the same company.

56. Rasta Imposta cannot control the quality or features of Kmart's costume design, and if Kmart creates an inferior banana costume design, consumers are likely to incorrectly associate that product with Rasta Imposta.

57. Rasta Imposta has been and continues to be damaged by Kmart's activities and conduct. Accordingly, Rasta Imposta is entitled to recover their damages, as well as Kmart's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

58. Unless Kmart's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

59. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, treble damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## **Count III – Common Law and Federal Unfair Competition**

60. Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

61. Kmart's conduct constitutes unfair competition, in that Kmart is attempting to benefit commercially from the consumer goodwill and the intellectual property rights that Rasta

Imposta has in its distinctive costume designs, along with Rasta Imposta's creativity in coming up with unique costume concepts.

62. Kmart's conduct in copying Rasta Imposta's well-known Banana Design is likely to cause consumer confusion as to the source of the products offered by Kmart, especially in light of the fact that Kmart previously sold Rasta Imposta's costumes featuring the Banana Design.

63. Kmart has increased the likelihood of confusion resulting from its knock-off product by advertising this product in a misleading manner. Kmart chooses to dress its costume model the same as Rasta Imposta's models.

64. Kmart's wrongful conduct arises directly out of and is connected to its advertising activities.

65. Such acts constitute acts of unfair competition against Rasta Imposta under 15 U.S.C. § 1125.

66. Rasta Imposta has been and continues to be damaged by Kmart's activities and conduct. Accordingly, Rasta Imposta is entitled to recover its damages, as well as Kmart's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

67. Unless Kmart's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

68. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, treble damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rasta Imposta prays for relief and judgment, and requests that the Court:

6411192 v1

  (A) enter judgment against Kmart and in favor of Rasta Imposta with respect to each claim for relief alleged in this Complaint;

  (B) award Rasta Imposta injunctive relief, either actual and/or statutory damages, and its costs and attorneys' fees, pursuant to the Copyright Act;

  (C) award Rasta Imposta injunctive relief, treble damages and its costs and attorneys' fees, pursuant to the Lanham Act; and

  (D) award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FLASTER/GREENBERG P.C.**

Dated: September 27, 2017  By: */s/ Alexis Arena*
  Alexis Arena, Esq.
  Eric R. Clendening, Esq.
  1810 Chapel Avenue West
  Cherry Hill, NJ 08002
  (856) 661-1900
  Fax: (856) 661-1919
  alexis.arena@flastergreenberg.com
  *Attorneys for Plaintiffs*

6411192 v1